IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BERNARDO LEE TIGNOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:12cv606-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Bernardo Lee Tignor's ("Tignor") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

In August 2005, Tignor pled guilty under a plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1), and possession of a firearm with an altered serial number, in violation of 18 U.S.C. § 922(k) (Count 2).  On February 21, 2006, upon finding Tignor had three prior convictions for violent felonies, the district court sentenced Tignor under the Armed Career Criminal Act ("ACCA") to 15 years in prison, the minimum sentence under the ACCA.  *See* 18 U.S.C. § 924(e)(1).  Tignor took no direct appeal.

On March 3, 2009, Tignor filed a motion under 28 U.S.C. § 2255, *see Tignor v. United States*, Civil Action No. 3:09cv291-WHA, seeking to vacate, set aside, or correct his sentence based on the 2008 Supreme Court decision in *Begay v. United States*, 553 U.S. 137

(2008), which Tignor argued rendered his sentence under the ACCA erroneous.  Specifically, Tignor argued that, under *Begay*, the district court erred by counting his prior conviction for felony DUI as a "violent felony" under the ACCA.  Tignor contended he should be resentenced without application of the ACCA enhancement.

On October 7, 2011, this court granted Tignor's § 2255 motion "to the extent that [Tignor] challenges his sentence as an armed career criminal under the ACCA, and asks that he be re-sentenced without the ACCA and with the benefit of any applicable reduction."  Civil Action No. 3:09cv291-WHA, Doc. No. 53 at 1-2.

On November 30, 2011, the district court held a resentencing hearing.  The court determined that, without application of the ACCA, Tignor's base offense level was 24, his total offense level was 23, and his criminal history category was VI, resulting in an advisory guideline range of 92 to 115 months' imprisonment.  *See* Case No. 3:05cr71-WHA, Doc. No. 55.  The court sentenced Tignor at the low end of the applicable guideline range, 92 months, which was contemplated under the plea agreement if it was determined Tignor was not subject to sentencing under the ACCA.  Tignor filed no appeal of his resentencing.

On July 12, 2012, Tignor filed the present § 2255 motion in which he argues that (1) the 92-month sentence imposed at resentencing was improper because, he says, the plea agreement called for a sentence of 5 years' imprisonment if it was determined he was not subject to sentencing under the ACCA, and (2) his lawyer at resentencing rendered ineffective assistance of counsel by failing to object to the district court's calculation of his

new sentence.  *See* Doc. Nos. 1, 3 & 12.

After consideration of Tignor's § 2255 motion, the submissions supporting and opposing the motion, and the record, the court concludes that an evidentiary hearing is not required and that, under Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

## II.  DISCUSSION

### A.  Terms of the Plea Agreement

There is no merit to Tignor's claim that the plea agreement called for a sentence of 5 years if it was determined he was not subject to sentencing under the ACCA.  Doc. Nos. 1 & 3.

The plea agreement stated the following understanding between the parties regarding sentencing:

> b.  The government will agree, pursuant to Rule 11(c)(1)(c), that if the Court determines that the defendant is to be sentenced pursuant to 18 U.S.C. § 924(e), the defendant will receive the lowest sentence possible under the statute.  The government further agrees that *if the defendant is determined not to be an armed career criminal, the defendant will receive a sentence at the low end of the applicable guideline range determined by the Court at sentencing*.

Attachment B at 4 (emphasis added).

The plea agreement called for a sentence at the low end of applicable guideline range if it was determined Tignor was not subject to sentencing under the ACCA.  Nothing in the plea agreement required a sentence of 5 years under those circumstances.  Tignor's claim in

this regard is meritless and entitles him to no relief.

## B. Ineffective Assistance of Counsel at Resentencing

Tignor contends his lawyer at resentencing rendered ineffective assistance of counsel by failing to object to the district court's calculation of his new sentence. Doc. No. 12. He argues the district court erred in determining his base offense level to be 24 and his criminal history category as VI. *Id*. at 2-5. Tignor appears to claim the district court found that neither his felony DUI conviction nor his aggravated stalking conviction was a "crime of violence," a claim not borne out by the record.

To succeed on a claim of ineffective assistance of counsel, a petitioner must satisfy both prongs of the test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a petitioner to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687. Tignor satisfies neither prong of the *Strickland* test.

Notwithstanding Tignor's claim, the district court found at resentencing that, when Tignor's felony DUI conviction was excluded from consideration, he had two remaining prior convictions for "crimes of violence" – one for aggravated stalking and one for one for

4

second-degree burglary.[1]  Case No. 3:05cr71-WHA, Doc. No. 52.  Section 2K2.1(a)(2) of the

Sentencing Guidelines[2] provides for a base offense of 24 if "the defendant committed the

instant offense "subsequent to sustaining at least two felony convictions of either a *crime of*

*violence* or a controlled substance offense."   U.S.S.G.   § 2K2.1(a)(2)(A).   Applying

§ 2K2.1(a)(2), the district court calculated Tignor's base offense level as 24.  Case No.

3:05cr71-WHA, Doc. No. 52; *see also* Presentence Investigation Report ("PSI") at pp.4-5,

¶ 16.   A two-level increase was applied to Tignor's offense level under U.S.S.G.

§ 2K2.1(b)(4), because the serial number on a firearm had been obliterated.  *See* PSI at p.5,

¶ 17.  The court then applied a three-level reduction under U.S.S.G. § 3E1.1(a) & (b) based

on Tignor's acceptance of responsibility, resulting in a total offense level of 23.[3]

Based on his extensive criminal history, Tignor had a total of 15 criminal history

points, which established a criminal history category of VI.  PSI at p. 11, ¶¶ 44 & 45; *see*

U.S.S.G. Sentencing Table, Chapter 5, Part A.  Tignor's total offense level of 23 combined

with his criminal history category of VI to result in an advisory guidelines range of 92 to 115

months.  The district court imposed a sentence of 92 months' imprisonment, which was at

---

[1] At Tignor's original sentencing, the district court found that Tignor's convictions for felony DUI, aggravated assault, and second-degree burglary were "violent felonies" under the ACCA.  The definitions of "violent felony" under the ACCA and "crime of violence" under the Sentencing Guidelines contain   are "virtually identical," and considering whether a crime is a "crime of violence" is similar to considering whether a crime is a "violent felony."  *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010) (explaining that the definitions of "violent felony" and "crime of violence").

[2] U.S.S.G. § 2K2.1 sets forth base offense levels for federal firearm offenses.

[3] (**24** *[under § 2K2.1(a)(2)]* + **2** *[under § 2K2.1(b)(4)]* ) **- 3** *[under § 3E1.1(a) & (b)]* = **23**.)

the low end of the applicable guideline range, as contemplated under the plea agreement if it was determined Tignor was not subject to sentencing under the ACCA.

Tignor demonstrates no error in the district court's calculation of his sentence at resentencing. Therefore, his attorney at resentencing did not render ineffective assistance by failing to object to the court's calculation of his new sentence. Counsel is not ineffective for failing to argue a meritless issue. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Tignor establishes neither deficient performance by his counsel nor resulting prejudice. Therefore, he is not entitled to relief based on this claim.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Tignor be DENIED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 18, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of September, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE